```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
ANDRE FERGUSON,

                          Petitioner,

        -against-                                    ORDER ADOPTING REPORT
                                                     AND RECOMMENDATION
T. GRIFFIN, Superintendent,
Eastern Correctional Facility,                       13-CV-4528 (CS)(JCM)

                          Respondent.
-----------------------------------------------------x
```

Appearances:

Jeffrey G. Pittell
Maher & Pittell, LLP
Bayside, New York
*Counsel for Petitioner*

John J. Sergi
Lisa M. Denig
Assistant District Attorneys
Westchester County District Attorney's Office
White Plains, New York
*Counsel for Respondent*

Seibel, J.

      Before the Court are Respondent's objections, (Doc. 61 ("R's Objs.")), and Petitioner's objections, (Doc. 62 ("P's Objs."), to the Report and Recommendation of United States Magistrate Judge Judith C. McCarthy, (Doc. 52 (the "R&R")), recommending that Petitioner's application for a writ of *habeas corpus* be denied.

      The Court assumes the parties' familiarity with the state court proceedings, the proceedings before the Magistrate Judge, and the standards governing petitions under 28 U.S.C. § 2254.

A District Court reviewing a report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 72(b)) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)), *aff'd sub nom. Hochstadt v. N.Y. State Dep't of Educ.*, 547 F. App'x 9 (2d Cir. 2013). "A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they [*sic*] object." *J.P.T. Auto., Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 659 F. Supp. 2d 350, 352 (E.D.N.Y. 2009). If a party fails to object to a particular portion of a report and recommendation, further review thereof is generally precluded. *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002). The court must review *de novo* any portion of the report to which a specific objection is made. *See* 28 U.S.C. § 636(b)(1); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). When a party makes only conclusory or general objections, or simply reiterates the original arguments made below, a court will review the report only for clear error. *Alaimo v. Bd. of Educ. of the Tri-Valley Cent. Sch. Dist.*, 650 F. Supp. 2d 289, 291 (S.D.N.Y. 2009). "Furthermore, [even] on *de novo* review, the Court generally does not consider arguments or evidence which could have been, but were not, presented to the Magistrate Judge." *United States v. Vega*, 386 F. Supp. 2d 161, 163 (W.D.N.Y. 2005).

Respondent objects to Magistrate Judge McCarthy's finding, (R&R at 25-26), that the state trial court unreasonably determined that the documents Petitioner submitted in support of

2

his motion to vacate judgment under New York Criminal Procedure Law ("CPL") § 440.10 were insufficient to warrant a hearing under CPL § 440.30(4)(d). (R's Objs. at 10-11.)[1] Absent that determination, Magistrate Judge McCarthy would have given deference to the state-court decision. Because she did not defer, she held a hearing and considered *de novo* whether Petitioner was deprived of effective assistance of counsel. But because she determined that he had not been so deprived, I need not reach the issue raised by Respondent.[2]

Petitioner, under the heading "Specific Objections to the R&R," says he objects to all of the Magistrate Judge's findings of fact, her legal conclusion that he was not deprived of effective assistance of counsel, and her recommendation that a Certificate of Appealability not issue. (P's

---

[1] Under CPL § 440.30(4)(d), a state trial court may deny a CPL § 440.10 motion without a hearing if "an allegation of fact essential to support the motion . . . is made solely by the defendant and is unsupported by any other affidavit or evidence."

[2] I am unconvinced, however, by Respondent's argument concerning Petitioner's mother's affidavit, in which she said that during the course of the prosecution, Petitioner told her that his lawyer had informed him of a two-year plea offer but that Petitioner was not going to accept it because he held out hope that the victim would admit that she willingly had sex with him. (Doc. 13-14 at ¶¶ 4-5.) The affidavit could suggest that Petitioner was under the impression that the victim's consent was a defense to statutory rape (rape in the third degree), and thus could support his claim that his lawyers never disabused him of that impression. (On the other hand, it could suggest that Petitioner understood consent to be a defense to forcible rape (rape in the first degree), which would not support his claim. But the issue is not whether the affidavit makes Petitioner's case, but rather whether it constitutes "other . . . evidence.") Respondent argues that Petitioner's mother's affidavit "was not cognizable support, nor even competent evidence, as it was a mere hearsay assertion of what petitioner had told her as to his own state of mind [and n]o more support . . . than would have occurred had petitioner merely repeated his averments into a tape recorder." (R's Objs. at 10.) But this argument overlooks that a statement of a declarant's then-existing state of mind is an exception to the hearsay rule, *see* Fed. R. Evid. 803(3); *People v. Ricco*, 437 N.E.2d 1097, 1102 (1982), and that Petitioner's state of mind at the time of that plea offer was relevant. Even if the affidavit is no better than a tape-recorded statement, a tape-recorded statement by Petitioner from the time of the two-year offer would qualify as "other evidence" as to his state of mind at the time. In light of all the evidence, the affidavit is not convincing, but that does not prevent it from constituting some "other affidavit or evidence" for purposes of § 440.30(4)(d).

3

Objs. at 6.) Labeling these general and conclusory objections "specific" does not make them so. Rather, they are wholesale objections for which no basis is specified, and accordingly they do not suffice to invoke *de novo* review. *See Mario*, 313 F.3d at 766 ("bare statement, devoid of any reference to specific findings or recommendations to which [Plaintiff] objected and why, and unsupported by legal authority," was not adequate objection under Rule 72); *Owusu v. N.Y. State Ins.*, 655 F. Supp. 2d 308, 313 (S.D.N.Y. 2009) ("[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke de novo review [because s]uch objections would reduce the magistrate's work to something akin to a meaningless dress rehearsal.") (alterations, citations and internal quotation marks omitted). "To accept the report and recommendation of a magistrate judge to which such general or perfunctory objections are made, . . . the district judge need only be satisfied that there is no clear error apparent on the face of the record." *Heckmann v. Town of Hempstead*, No. 10-CV-5455, 2013 WL 1345250, at *1 (E.D.N.Y. Mar. 27, 2013) (collecting cases). I am so satisfied. Further, even if I were reviewing these objections *de novo*, I would uphold the Magistrate Judge's conclusions because they are well reasoned and Petitioner has supplied no argument as to why they are not.

The remainder of Petitioner's objections are addressed to his argument that: 1) a defense lawyer is obligated to inform the client of any plea offer, advise the client as to the merits of any potential defense, and apprise the client of his potential sentencing exposure; 2) counsel in Petitioner's case failed in those obligations; 3) that failure caused him prejudice; and 4) the remedy is to require that the two-year plea offer to be re-extended. (P's Objs. at 6-15.) The Court has no quarrel with Petitioner's recitation of a defense lawyer's obligations. But the

4

Petition in this case makes clear that counsel met the first and third requirements – Petitioner avers that "[c[ounsel communicated the offers to Ferguson and told him how much time he was facing," (Doc. 2 at 5) – and that the only issue is whether counsel explained to Petitioner that the underage victim's consent was not a viable defense to rape in the third degree, (*id.* at 3-5).

Petitioner's argument in his objections that counsel failed in that obligation is based entirely on Petitioner's version of the facts, which the Magistrate Judge rejected after an evidentiary hearing at which four of his lawyers testified. Petitioner presents no reason to question the Magistrate Judge's decision to credit the testimony of the lawyers that together showed that one or more of them explained the elements of rape in the third degree, advised that consent was not a defense, informed Petitioner that his confession to having had sex with the fifteen-year-old victim was damaging and would result in his conviction if not suppressed, and recommended that he accept the two-year plea offer. (R&R at 11-13.) Petitioner has not asked this Court to hear fresh testimony, *see Carrion v. Smith*, 549 F.3d 583, 588 (2d Cir. 2008) (district judge cannot reject magistrate judge's credibility findings without re-hearing live testimony), or made any other argument as to why it ought to reject the Magistrate Judge's factual findings. His entire argument assumes the truth of his version and ignores the contrary testimony and factual findings of record. Accordingly, having considered the matter *de novo*, I find no error in the Magistrate Judge's finding that Petitioner did not receive substandard advice from his counsel.

Thus, for the reasons stated above, Petitioner's objections are overruled. I have reviewed the portions of the R&R as to which no objection has been raised, and find no error, clear or otherwise. Accordingly, the R&R is adopted as the decision of the Court. As the Petition makes

5

no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2). The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: March 6, 2018
      White Plains, New York

                                                                                                              _____
                                                                                                               CATHY SEIBEL, U.S.D.J.